UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVONN MARTELL BROWN,

        Petitioner,

v.                                  CASE NO. 5:10-cv-13351
                                  HONORABLE JOHN CORBETT O'MEARA
WARDEN HUGH WOLFENBARGER,

        Respondent.

_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING THE HABEAS PETITION WITH PREJUDICE,
DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Lavonn Martell Brown has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Also pending before the Court is respondent Hugh Wolfenbarger's motion for summary judgment and dismissal of the habeas petition. The Court agrees with Respondent that the habeas petition is time-barred. Consequently, Respondent's motion is granted and the habeas petition is dismissed with prejudice.

## I. BACKGROUND

Petitioner was charged in Wayne County, Michigan with first-degree (premeditated) murder, felon in possession of a firearm, and possession of a firearm during the commission of, or attempt to commit, a felony (felony firearm). On August 9, 2005, a Wayne County Circuit Court jury found Petitioner guilty of second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp.

Laws § 750.224f, and felony firearm, Mich. Comp. Laws § 750.227b.  The trial court sentenced petitioner as a third felony offender to concurrent terms of fifty to one hundred years in prison for the murder conviction and two to five years in prison for the felon-in-possession conviction.  Petitioner received a consecutive term of two years in prison for the felony firearm conviction.  The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion, *see People v. Brown*, No. 267044 (Mich. Ct. App. Mar. 20, 2007), and on September 10, 2007, the Michigan Supreme Court denied leave to appeal.  *See People v. Brown*, 480 Mich. 855 (2007) (table).

On September 18, 2008, Petitioner filed a motion for relief from judgment, which the trial court denied on September 30, 2008.  The Michigan Court of Appeals subsequently denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D).  *See People v. Brown*, No. 292141 (Mich. Ct. App. Oct. 13, 2009).  On May 25, 2010, the Michigan Supreme Court denied leave to appeal for the same reason.  *See People v. Brown*, 486 Mich. 928 (2010) (table).

Petitioner signed and dated his habeas petition on August 18, 2010.  He alleges that:  (1) the trial court violated his constitutional rights by failing to instruct the jury on involuntary manslaughter and reckless discharge of a firearm; (2) trial and appellate counsel were ineffective; (3) the prosecutor relied on perjured testimony; and (4) a detective mis-read the *Miranda* rights to him when he gave a statement.   Respondent argues in his motion for summary judgment and dismissal of the petition that the petition is barred from substantive review by Petitioner's failure to comply with the one-year statute of limitations.

## II. DISCUSSION

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for a state prisoner to file a federal habeas corpus petition. *Wall v. Kholi,* __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of four specified dates. *Id.* These dates are:

>    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

### B. Application

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking

such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Petitioner did not seek a writ of certiorari in the Supreme Court. His convictions, therefore, became final on December 9, 2007, when the availability of a direct appeal to the Supreme Court expired due to the expiration of the ninety-day deadline for seeking a writ of certiorari. *See* Sup. Ct. R. 13.1. The one-year statute of limitations began to run on the following day, and it continued to run for 283 days. The statute of limitations stopped running on September 18, 2008, when Petitioner filed his motion for relief from judgment. The statute of limitations was tolled for the entire time that the motion and subsequent appeals were pending in state court. *See* 28 U.S.C. § 2244(D)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (explaining that an application for state collateral review remains "pending" "until the application has achieved final resolution through the State's post-conviction procedures").

The statute of limitations resumed running on May 26, 2010, the day after the Michigan Supreme Court denied leave to appeal on state collateral review.[1] Petitioner

---

[1] The filing of a petition for certiorari in the United States Supreme Court does not toll the statute of limitations under § 2244(d)(2). *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

signed and dated his federal habeas corpus petition on August 18, 2010.

To summarize, the statute of limitations ran a total of 367 days: 283 days from the date that Petitioner's convictions became final until Petitioner filed his motion for relief from judgment in the trial court and 84 days from the conclusion of state court review of his motion for relief from judgment until the filing of his habeas petition. Because the statute ran more than 365 days or one year, the petition is untimely, absent equitable tolling.

### C. Equitable Tolling

The statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). To be eligible for equitable tolling of the limitations period, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner has not alleged any basis for concluding that the statute of limitations should be equitably tolled, and even if he pursued his rights diligently, he has not shown that some extraordinary circumstance stood in his way of filing a timely habeas petition. Nor has he made a credible claim of actual innocence supported by new and reliable evidence that was not presented at trial. Consequently, he is not entitled to equitable tolling on the basis of a claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Souter v. Jones*, 395 F.3d 577, 601-02 (6th Cir. 2005).

### III. CONCLUSION

Petitioner filed his habeas petition more than a year after his convictions became final, and he is not entitled to equitable tolling of the statute of limitations. Accordingly,

Respondent's motion for summary judgment and dismissal of the petition [dkt. #8] is **GRANTED,** and the petition for writ of habeas corpus [dkt #1] is **DISMISSED** with prejudice for failure to comply with the one-year statute of limitations.

### IV. CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not debate the correctness of the Court's procedural ruling, nor conclude that the petition states a valid claim of the denial of a constitutional right. In fact, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* The Court therefore declines to issue a certificate of appealability. Petitioner nevertheless

6

may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in the District Court. Fed. R. App. P. 24(a)(3)(A).

s/John Corbett O'Meara  
United States District Judge

Date: August 1, 2011

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 1, 2011, using the ECF system, and upon Petitioner at Macomb Correctional Facility by first-class U.S. mail.

s/William Barkholz  
Case Manager